UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES BANK, N.A.** | |
| **Plaintiff,** | |
| v. | CIVIL NO.  SA-13-CA-354-XR |
| **EARL NATHAN PETTUS, JR.,** | |
| **Defendant.** | |

### ORDER

On April 29, 2013, defendant Earl Nathan Pettus, Jr. ("Pettus") filed a motion to proceed in forma pauperis,[1] motion for appointment of counsel,[2] and tendered a proposed "complaint" in which he seeks to "move[]" to this Court Cause No. 2012-CI-12238, pending in the 57th Judicial District Court of Bexar County, Texas in which United States Bank, N.A. ("Bank") seeks an order allowing the foreclosure of 346 Hub Avenue, San Antonio, Texas 78220.[3]  Pettus' "complaint" lists seven reasons the state civil case should "be moved" to this Court, including, but not limited, to:

- "this case has . . .[been pending] . . . in District Court 57 for 9 months until present with [the Bank] doing nothing" until April 17, 2013 when the Bank filed a "motion to the court to appoint an Attorney for my brother, and other heirs-in-law

---

[1]  Docket no. 1.

[2]  Docket no. 2.

[3]  Docket no. 1, attached proposed complaint ("proposed complaint") at 2, 7.  (Pettus did not number the pages of his proposed civil complaint.  All references to the pages of the proposed complaint and its attachments in this order are to the page numbers as assigned by CM/ECF upon filing.)

>   that [do] not exist" and the Bank's "Attorney has sent to [Pettus] correspondence that should have come from the court;"[4]
>
> - "for the last decade [Pettus] has been in Federal Court with the Defendants on the same subject, which would make The Federal Courts the foremost authority when it comes to this case;"[5]
>
> - "[t]here has been evidence that has recently surfaces from the title company[] that will provide that not only did [the Bank] know who the other owners of the property were, but from the documented evidence [Pettus] can prove that [the Bank] sent letters to owners of the property approximately a decade earlier;"[6] and
>
> - "[Pettus] can also show that Defendant made special effort to push the loan thru trapping [Pettus'] mother in a bad loan until her death, which came a year later. [Pettus] is of the belief that the aforementioned reasons are good and sound, and [Pettus] should be Granted his last day in court."[7]

According to Pettus' representations and an attachment to the complaint, the state case at issue has been pending since 2012; the Bank is listed as the sole "petitioner" in a suit for an order for foreclosure of 346 Hub Avenue; Hattie Pettus is listed as the sole "respondent;" the Bank issued citations to Hattie Pettus and the occupant of the property, Pettus; and Pettus filed his answer to the state petition on September 4, 2012; and, in sum, the Bank is uncertain if others have an interest in the 346 Hub Avenue.[8]  As relief, Pettus' "complaint" in this court states he "is looking to see several things happen as a result of this case coming to Federal Court," to include: the court appointing him "well qualified counsel;" "[t]hat the deed to the property at 346 Hub

---

[4] Proposed complaint at 2.

[5] Id. at 3.

[6] Id.

[7] Id.

[8] Id. at 7-8.

Avenue, San Antonio, Texas will be returned to its rightful owners;" and "that [Pettus]. . . be given back all the monies paid to his loan, with interest and penalties."[9] Pettus asserts he has "a viable suit for damages" based on the Bank's "direct violation of Contractual Law."[10] Pettus seeks a trial by jury.[11]

To the extent the Court considers Pettus' "complaint" in this Court as a petition to remove to this Court the state case referenced in the "complaint," Pettus' "complaint" must be dismissed because it does not demonstrate compliance with each of the procedural prerequisites to removal nor does it specify a basis for federal subject matter jurisdiction.  Among other things, Pettus does not appear to have notified the parties to the state action that he has filed the "complaint" seeking to remove the state case nor has Pettus attached a copy of the state court docket sheets and all documents filed in the state case as an attachment to his request for removal in compliance with 28 U.S.C. § 1446.  Pettus also has not addressed the required consent of all parties who would be aligned as party "defendants" in the state case.  Pettus seems to acknowledge he has filed an answer in the state case, aligning himself as a respondent or defendant to the Bank's action seeking an order of foreclosure, in September 2012, well more than thirty days before April 29, 2013, the apparent time period for removal in this case, based on Pettus' allegations.  Pettus also seems to acknowledge the Bank is not able to determine the existence or status of heirs to Edward Earl Washington or whether there are other heirs of Hattie Pettus or others who claim an interest in the property.  Other than Pettus' blanket averment that

---

[9] Id. at 5.

[10] Id.

[11] Id.

such "heirs-in-law" do not exist, he does not address his brother or heirs of his brother or explain whether they join in the removal of the case or why their consent to removal is not required.[12] Significantly, Pettus has not demonstrated there is federal subject matter jurisdiction sufficient to support removal. He has not alleged diversity of citizenship, amount in controversy, or a claim arising under federal law. Even if Pettus were to allege a claim falling within the federal subject matter jurisdiction of this Court, the state claim seeking an order of foreclosure appears to be a claim that is not within the original or supplemental jurisdiction of this court such that the Court would be required to sever and remand that state claim to state court pursuant to 28 U.S.C. § 1441(c)(2). Thus, even if Pettus were to establish a timely and proper "removal," it would appear the very action he wants "moved" to this Court necessarily would be remanded to state court, thus defeating Pettus' apparent interest in "removal."

To the extent the Court considers Pettus' "complaint" in this Court as a pleading to assert a federal cause of action "for damages sustained by" Pettus due to the Bank's "direct violation of contractual law,"[13] Pettus has not provided a particularized statement of facts sufficient for this Court to conclude it has original subject matter jurisdiction over a contract claim, based on diversity of citizenship or as a claim arising under federal law, or that Pettus otherwise has alleged a viable contract claim against the Bank. Among other deficiencies, plaintiff has not alleged he has a contractual relationship with the Bank or provided facts to show any such contractual claim is not time-barred.

---

[12] Id. at 2, 8.

[13] Id. at 5.

As Pettus notes, he has filed other actions in past years in this Court. The CM/ECF records appear to indicate plaintiff has filed twelve (12) prior civil actions in this Court. Among those twelve actions were two suits against USAA, a suit against Great West Casualty Company and others, a suit against Farmer Insurance Group, two suits against two separate San Antonio apartment complexes and others (to include, in one of the cases, a Texas Justice of the Peace), a suit against an individual and a child support enforcement agency, a suit against a car dealership and Ford Motor Company, and a suit against an individual for an allegedly defamatory eBay posting.[14] In addition, the CM/ECF records show plaintiff has filed three prior suits against Ocwen Federal Bank, each appearing to relate to 346 Hub Avenue, San Antonio, Texas.[15] In one of the cases against Ocwen, Pettus attempted to sue on behalf of the Estate of Hattie Pettus and others.[16] Two of Pettus' cases referenced above were closed by way of a settlement, the exact terms of which are not of record: one of Pettus' cases against an apartment complex and others; and Pettus' first-filed case against Ocwen Federal Bank.[17] Each of Pettus' other cases referenced above were dismissed by the Court.

When Pettus now states he previously filed suit in this Court regarding the ownership of 346 Hub Avenue, he appears to be referring to one of his three prior suits against Ocwen Federal

---

[14] As listed in chronological order, Pettus' prior suits referenced in the associated text were docketed in SA-99-CA-392-HG; SA-99-CA-211-HG; SA-99-CA-446-FB; SA-00-CA-788-HG; SA-01-CA-951-FB; SA-01-CA-1089-IV; SA-01-CA-1152-IV; SA-02-CA-3-FB; SA-06-CA-28-XR.

[15] SA-04-CA-878-WRF; SA-06-CA-680-FB; SA-07-47-WRF.

[16] SA-06-CA-680-FB.

[17] SA-99-CA-446-FB; SA-04-CA-878-WRF.

Bank.  In the case captioned <u>Earl Nathan Pettus, Jr. representing the Estate of Hattie L. Pettus and others v. Ocwen Federal Bank and Cowles & Thomspon, P.C.</u>, SA-06-CA-680-FB, the Court denied Pettus leave to proceed <u>in forma pauperis</u>, denied Pettus' request for appointment of counsel, and dismissed the claims without prejudice to Pettus pursuing any "non-time barred state causes of action in a state court of competent jurisdiction."[18]  In the case captioned as <u>Earl Nathan Pettus, Jr. v. Ocwen Federal Bank</u>, SA-07-CA-47-WRF, the Court granted Ocwen's motion for summary judgment, denied Pettus' renewed motion for appointment of counsel and cross-motion for summary judgment, and dismissed each of Pettus' claims with prejudice.[19]  Pettus does not explain why the rulings in any of the cases brought by Pettus in this Court against Ocwen, or any other defendant, demonstrate that his proposed litigation—relating to a suit by the Bank in state court to foreclose—must, or may, proceed in this Court.

  That Pettus has submitted paperwork to show there are state court proceedings pending at this time that relate to the ownership of 346 Hub Avenue—a general matter that has been in dispute for approximately nine years (measuring from the date in 2004 in which Pettus filed his first suit against Ocwen in this Court), is noteworthy.  Pettus' "complaint" alleges, as its first reason to "move" the state case to this Court, is the state case "has set in District Court 57 for 9 months until the present with Defendant doing nothing."[20]  But, other paperwork submitted by Pettus when he initiated this case on Monday, April 29, 2013, shows a hearing on the Bank's motion to appoint at attorney ad litem for individuals other than Pettus who may have an interest

---

[18]  SA-06-CA-680-FB, docket no. 7 at 2.

[19]  SA-07-CA-47-RF, docket nos. 43, 44.

[20]  Proposed complaint at 2.

in 346 Hub Avenue will occur at 8:13 a.m. on Friday, May 3, 2013—four days after Pettus' initiation of the case in this Court.  Thus, there is a concern that Pettus' attempt to proceed in this Court will delay or interfere with a state judge's handling of the state case when, as discussed, Pettus has not demonstrated this Court has jurisdiction or that Pettus has alleged a claim cognizable in this Court.  Accordingly, this order includes a requirement that with regard to 346 Hub Avenue, Pettus file a motion for the approval of a District Judge in this District and Division before the Office of the District Clerk will be required to file any further motions for leave to proceed in forma pauperis, motions for appointment of counsel, and proposed complaints in this Division tendered by or on behalf of Pettus.

Upon consideration thereof,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis[21] is **DENIED** for the reason that plaintiff has not demonstrated he has timely and correctly removed the state cause of action at issue, there is federal subject matter jurisdiction over any removed claim or any claim asserted in Pettus' "complaint," or that any claim alleged in the proposed "complaint" asserts a claim upon which relief may be granted in this Court.

**IT IS ALSO ORDERED** that plaintiff's motion for appointed counsel[22] is **DENIED** and **DENIED as moot**.

**IT IS ALSO ORDERED** that plaintiff's "complaint" is **DISMISSED without prejudice**.

---

[21] Docket no. 1.

[22] Docket no. 2.

**IT IS FINALLY ORDERED** that with regard to 346 Hub Avenue, plaintiff is required to obtain permission of a District Judge in this District and Division before the Office of the District Clerk in the San Antonio Division is required to file any further motions for leave to proceed in forma pauperis, motions for appointment of counsel, and any proposed complaint in this District and Division.

It is so ORDERED.

SIGNED this 2nd day of May, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE